IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANELLE WOOD,                                3:13-CV-01722 RE

        Plaintiff,                        **OPINION AND ORDER**

    v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

        Defendant.

**REDDEN**, Judge:

Plaintiff Janelle Wood brought this action to challenge Defendant's determination that she is not eligible for Title II benefits before her date last insured of December 31, 1999.

## PROCEDURAL HISTORY

On May 9, 2006, Wood filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income, alleging disability since December 21, 1999, due to dyslexia,

1 - OPINION AND ORDER

lumbar fusion and laminectomy, depression, Post-Traumatic Stress Disorder, and neck injury. Tr. 141. Her applications were denied initially and upon reconsideration. On September 2, 2009, after an August 2009 hearing, an Administrative Law Judge ("ALJ") found her not disabled prior to August 28, 2007. Tr. 388-97. On October 30, 2009, Wood requested that the Appeals Council review the ALJ's decision. Tr. 17. On November 27, 2009, the ALJ issued an amended decision in which he clarified that Wood's Title II DIB application was dismissed because the insured status requirements were not met as of the date disability was established. Tr. 26-39. On January 11, 1010, Wood requested that the Appeals Council review the ALJ's amended decision. Tr. 14-15. On January 22, 2010, the Appeals Council reviewed the September 9, 2009 ALJ decision and denied Wood's application for DIB because she last met the insured requirement on December 31, 1999. Tr. 12-13. On May 18, 2010, Wood submitted additional evidence to the Appeals Council. On August 19, 2013, the Appeals Council notified Wood that the ALJ's amended decision was not valid because her appeal to the Appeals Council vested jurisdiction with that Council and not the ALJ. Tr. 5-6. The Appeals Council's decision thus became the final decision of the Commissioner, from which Wood now appeals.

Plaintiff now Moves (#20) to Supplement the Record by adding:

1. December 3, 2009 letter from James MacMillan, M.D. (# 20 pp. 7-8);

2. May 13, 2010 letter to the Social Security Administration from Plaintiff's attorney George J. Wall (#20 p. 6) ; and

3. A photocopy of a Certified Mail receipt (#20 p. 9).

## LEGAL STANDARDS

The Commissioner files "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). New evidence must be submitted to the Appeals Council because it prepares the certified administrative record. 20 C.F.R. § 404.976(b). As the Commissioner points out, the Appeals Council does not have to accept evidence it determines is not new, material, or related to the period at issue. The Commissioner argues that the Appeals Council determined not to consider the additional evidence. Defendant's Response (#23) to Motion to Supplement, p. 2. However, the record indicates that the Appeals Council did not consider the additional evidence nor determine whether it was new, material, or related to the period at issue.

Plaintiff acknowledges that the usual procedure would be to seek remand of this matter to the Appeals Council to consider additional evidence. Plaintiff cites no authority for the proposition that this court may amend the administrative record. Accordingly, Plaintiff's Motion (#20) to Amend the Record is denied.

IT IS SO ORDERED.

Dated this 8 day of September, 2014.

JAMES A. REDDEN
United States District Judge

3 - OPINION AND ORDER